Chief Justice Robertson,
delivered the opinion of the court.
No fraud is proved in this case, and there is no evidence of that kind of mistake, which would justify the chancellor in decreeing relief, against the note executed on a settlement of accounts, between the parties.
The case is somewhat extraordinary; and there is reason for apprehending, that it is a peculiarly hard one-on Rogers.
But he examined the account of McMachan, and thereupon, executed his note for the balance, then ascertained to be due.
As therefore, no specific mistake is shown, nor any fraud sufficiently established; the note must remain as the highest evidence of what were the respective rights of the parties at its date.
Therefore, the decree dissolving the injunction, must be approved.
But the circuit court erred, in decreeing to the appel-lee, the amount of his account for service, for the year succeeding the date of .the note. He had dismissed the cross bill, in which he set up a claim to a decree for this account.
The bill of the appellant did not seek a settlement of all ac counts between the parties, but only a re-settlement of those, which existed at the date of the note. This was not allowed to him. And therefore, on his bill alone, there was no foundation for the decree for the account, which accrued after the date of the note.
On a bill for a general settlement, the chancellor will decree to the defendant, any thing that may be due to him, on the settlement proposed; although he may not have asked for a decree. ‘ The object of the bill is to settle and close the. accounts, so far as it proposes their adjustment, and therefore, in closing them, the chancellor will decree, of course, to either party, whatever maybe ascertained to be due to him, within the scope of the settlement, sought by the bill, and made by the court,- But *38 if Hie defendant desire to go beyond the inquiry proposed by the bill,he must present his claim in his answer, in the nature of a crossbill; and if the court refuse to permit the settlement sought by the bill, it cannot decree to the defendant his account.
Crittenden and Chinn, for appellant; Wickliffe and Wooley, and Mills and Brown, for appellee.
The bill in this case, sought relief against a note, because, as it alleged, the account was erroneous, in consideration of which, the note was given.
The circuit court has dissolved the injunction, and dismissed the bill, and then without any bill filed for that purpose, or even any prayer, it has decreed to the ap-pellee, the amonnt of an account, which accrued after the date of the note.
If this decree could be sustained, the end of all pleading might soon be avoided. The decree is, in this respect, erroneous.
Wherefore, the decree is reversed, and the cause remanded for a decree to be entered, dissolving the injunction, and dismissing the bill, without any other decree in favor of the appellee.